NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**BENJAMIN CUNNINGHAM,**
*Plaintiff-Appellant,*

v.

**UNITED STATES,**
*Defendant-Appellee.*

---

2012-5052

---

Appeal from the United States Court of Federal Claims in case no.11-CV-330, Judge Lawrence J. Block.

---

Decided: May 9, 2012

---

BENJAMIN CUNNINGHAM, of Bronx, New York, pro se.

STEVEN M. MAGER, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and FRANKLIN E. WHITE, JR., Assistant Director.

---

Before NEWMAN, LOURIE, and SCHALL *Circuit Judges*.

PER CURIAM.

## DECISION

Benjamin Cunningham appeals the final decision of the United States Court of Federal Claims dismissing his complaint for lack of jurisdiction. *Cunningham v. United States*, No. 11-330, 2011 WL 5825147 (Fed. Cl. Nov. 16, 2011). We *affirm*.

## DISCUSSION

### I.

In December of 2005, Mr. Cunningham filed a civil action in the United States District Court for the Southern District of New York against the United States Marshals Service and several individual employees of the Marshals Service. In that action, Mr. Cunningham alleged that his home was illegally searched and seized and that he was injured by a bus connected to the Marshals Service during the search and seizure. In due course, the suit was dismissed.

In May of 2011, Mr. Cunningham filed suit against the United States in the Court of Federal Claims. In his suit, he alleged that the district court judge who had presided over his case in the Southern District, as well as a magistrate judge of that court, had improperly handled the case and had conspired against him. Mr. Cunningham claimed that these alleged actions violated the Constitution, 42 U.S.C. § 1983, and 18 U.S.C. § 4. *Cunningham*, 2011 WL 5825147 at *2.

On November 16, 2011, the Court of Federal Claims dismissed Mr. Cunningham's complaint on the ground

that it lacked jurisdiction to adjudicate his claims. *Cunningham*, 2011 WL 5825147. The court held that, whether viewed as a *Bivens* suit[1], a tort action, or a criminal claim under 18 U.S.C. § 4 (misprision of a felony), the suit lay outside the jurisdiction of the court. *Id.* at *2. At the same time, the court held that it lacked Tucker Act[2] jurisdiction over Mr. Cunningham's constitutional claims because the claims were not based on a money mandating provision. *Id.*

Following entry of judgment, Mr. Cunningham timely appealed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

## II.

The Court of Federal Claims did not err in dismissing Mr. Cunningham's suit. First, the court does not have jurisdiction over *Bivens* suits. *See Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997) ("The Tucker Act grants the Court of Federal Claims jurisdiction over suits against the United States, not against individual federal officials. Thus, the *Bivens* actions asserted by appellants lie outside the jurisdiction of the Court of Federal Claims."). The same is true of Mr. Cunningham's claims under § 1983. Jurisdiction over such claims lies exclusively in the district courts. *Hernandez v. United States*, 93 Fed. Cl. 193, 198 (Fed. Cl. 2010). Second, actions in tort also lie outside the jurisdiction of the court. *See* 28 U.S.C. § 1491 (stating, *inter alia*, that the Court of Federal Claims has "jurisdiction to render judgment upon any claim . . . for liquidated or unliquidated damages in

---

[1] *See Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388, 391-94 (1971) (providing a cause of action for violations of constitutional rights against government officials acting in their individual capacities).

[2] 28 U.S.C. § 1491(a)(1).

cases not sounding in tort"); *Trafny v. United States*, 503 F.3d 1339, 1340 (Fed. Cir. 2007) (stating that the Court of Federal Claims lacks jurisdiction over tort claims). And third, the Court of Federal Claims lacks jurisdiction over criminal actions under Title 18 of the United States Code. *See Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994) ("The [CFC] has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code."). Finally, the Court of Federal Claims did not have jurisdiction over Mr. Cunningham's several constitutional claims. In order for jurisdiction to lie under the Tucker Act based upon a constitutional provision, the provision must be money mandating in the sense that it contemplates the payment of money damages for its violation. *See James v. Caldera*, 159 F.3d 573, 580 (1998). None of the constitutional provisions upon which Mr. Cunningham relies (Article II and the Fourth, Eighth, Ninth, and Fourteenth Amendments) fall into that category. *See Kanarek v. United States*, 161 Ct. Cl. 37, 42 (Ct. Cl. 1963) (Article II not money-mandating); *Hernandez*, 93 Fed. Cl. at 198 (Fourth, Eighth, Ninth, and Fourteenth Amendments not money-mandating).

For the foregoing reasons, the decision of the Court of Federal Claims dismissing Mr. Cunningham's suit for lack of jurisdiction is affirmed.[3]

Each party shall bear its own costs.

**AFFIRMED**

---

[3] We have considered the several procedural arguments raised by Mr. Cunningham and have found them to be without merit.