NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**TERESITA A. CANUTO,**
*Plaintiff-Appellant*

v.

**UNITED STATES,**
*Defendant-Appellee*

---

2015-5085

---

Appeal from the United States Court of Federal Claims in No. 1:15-cv-00410-CFL, Judge Charles F. Lettow.

---

Decided: September 14, 2015

---

TERESITA A. CANUTO, Panorama City, CA, pro se.

KRISTIN MCGRORY, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., DEBORAH A. BYNUM.

---

Before DYK, TARANTO, and HUGHES, *Circuit Judges.*

DYK*, Circuit Judge.*

Teresita Canuto appeals a decision by the Court of Federal Claims (the "Claims Court"), dismissing her claims for lack of subject matter jurisdiction. We affirm.

## BACKGROUND

Ms. Canuto works as a home health care nurse. She alleges that, in October 2014, she was working in a patient's home when she was assaulted, on multiple occasions, by members of the United States Army and Navy. She does not specifically recall the alleged attacks. Rather, she claims to have noticed bruising and incisions on her legs and feet and therefore concluded she was sexually assaulted by the service members. She suggests that the attackers used an "inhalation agent that caused her to lose consciousness and mobility." App. 3 (punctuation omitted).

Ms. Canuto did not inform the police, reasoning that "it would have been fruitless because she did not notice any pain after the assaults and therefore c[ould] not point out when and at what time these assaults happened." *Id.* (punctuation omitted). Nor is there any allegation that she informed anyone in the military of the alleged assaults. Instead, she filed suit in the Claims Court, premising jurisdiction on the Federal Tort Claims Act ("FTCA"), which is a statute allowing tort recovery against the United States for certain acts of its employees acting within the scope their employment. *See* 28 U.S.C. § 1346(b). The Claims Court held that it lacked jurisdiction to hear her claim. Citing Ms. Canuto's failure to administratively exhaust her claim prior to filing (a prerequisite to filing an FTCA claim, *see* 28 U.S.C. § 2675(a)), the Claims Court dismissed the case rather than transferring it to a district court.

On appeal, Ms. Canuto also raises a 42 U.S.C. § 1983 claim and alleges violations of the Fourth and Fourteenth Amendments.

## DISCUSSION

We review dismissals for lack of subject matter jurisdiction de novo. *M. Marokapis Carpentry, Inc. v. United States*, 609 F.3d 1323, 1327 (Fed. Cir. 2010). We review decisions by the Claims Court regarding whether to dismiss or transfer a case for abuse of discretion. *Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1342 (Fed. Cir. 2008).

Ms. Canuto has raised two sets of claims: a § 1983 claim premised on violations of the Fourth and Fourteenth Amendments together with a separate claim for constitutional violations, and an FTCA claim. We find that the Claims Court lacks jurisdiction to hear Ms. Canuto's FTCA and constitutional claims, and we dismiss Ms. Canuto's § 1983 claim for failure to state a claim upon which relief can be granted.

The Claims Court has limited jurisdiction defined by statute. The Tucker Act grants jurisdiction to the Claims Court only "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). In other words, the Claims Court can only hear cases against the United States for money damages, and cannot hear cases sounding in tort.

Accordingly, the Claims Court lacks jurisdiction to hear claims premised on violations of the Fourth and Fourteenth Amendments because neither the Fourth nor the Fourteenth amendment mandate money damages.

*See Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) (Fourth Amendment does not mandate payment of money by the government and is therefore outside the jurisdiction of the Claims Court); *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (Fourteenth Amendment does not mandate payment of money by the government and is therefore outside the jurisdiction of the Claims Court).

Similarly, the Claims Court lacks jurisdiction to hear Ms. Canuto's FTCA claim for allegedly tortious conduct by the United States or its agents because it is specifically barred from hearing tort cases. 28 U.S.C. § 1491(a)(1) (no Tucker Act jurisdiction for claims arising in tort). District courts, not the Claims Court, have jurisdiction over FTCA claims "against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." *See* 28 U.S.C. § 1346(b)(1).

Further, the Claims Court did not abuse is discretion in deciding not to transfer Ms. Canuto's case to a district court pursuant to 28 U.S.C. § 1631. Prior to filing an FTCA claim in the district court, a plaintiff must administratively exhaust the claim. *See* 28 U.S.C. § 2675(a) ("[An FTCA action] shall not be instituted . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing . . . ."). The Claims Court correctly determined that it should not transfer the case because Ms. Canuto failed to satisfy the jurisdictional requirement of exhausting her FTCA claim with the administrative agency prior to filing suit. There was no showing of exhaustion.

Lastly, Ms. Canuto's § 1983 claim must be dismissed for failure to state a claim because § 1983 does not provide a cause of action against the United States for actions of federal officials. *See* Fed. R. Civ. P. 12(b)(6); 42 U.S.C. § 1983 ("Every *person* who, under color of any statute, ordinance, regulation, custom, or usage, of *any State or Territory . . .*") (emphases added); *Dist. Of Columbia v. Carter*, 409 U.S. 418, 424–25 (1973) (finding that "actions of the Federal Government and its officers are at least facially exempt" from § 1983 because they generally do not act under color of state law); *United States v. City of Jackson, Miss.*, 318 F.2d 1, 8 (5th Cir. 1963) ("The United States is not a 'person' . . . under the Civil Rights Act.").

## AFFIRMED

### COSTS

No costs.