NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DANILO A. ROBLETO,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2015-5138

---

Appeal from the United States Court of Federal Claims in No. 1:14-cv-01078-MCW, Judge Mary Ellen Coster Williams.

---

Decided: December 10, 2015

---

DANILO A. ROBLETO, Philipsburg, PA, pro se.

SOSUN BAE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., DONALD E. KINNER.

---

Before PROST, *Chief Judge,* DYK, and TARANTO, *Circuit Judges.*

PER CURIAM.

Danilo Robleto brought this action in the United States Court of Federal Claims. The court dismissed the action for lack of jurisdiction and declined to transfer the case. We affirm.

## BACKGROUND

Mr. Robleto, who is currently incarcerated for a felony, asserts that, in 2011, while imprisoned at the Butner Federal Correctional Complex in North Carolina, he fell off his upper bunk and suffered facial fractures and a concussion. He alleges that government negligence is at least partly responsible for his injuries.

On July 13, 2012, Mr. Robleto filed an administrative claim under the Federal Tort Claims Act. 28 U.S.C. § 2675(a) (requiring filing of claim with agency before bringing suit). *See generally* 28 U.S.C. §§ 1346(b), 2401, 2671–2680. The Federal Bureau of Prisons denied his administrative claim on September 13, 2012. Mr. Robleto had six months after that denial to bring suit under the Federal Tort Claims Act. 28 U.S.C. § 2401(b). In November 2012, Mr. Robleto timely filed an action in the United States District Court for the Eastern District of North Carolina. In February 2013, however, finding that Mr. Robleto failed to comply with court orders, the court dismissed the action, without prejudice to refiling. Mr. Robleto twice moved to reopen the case, but the court found insufficient grounds to do so.

Mr. Robleto filed the present action in the Court of Federal Claims on November 3, 2014. His complaint may be read to assert claims for recovery under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2674, and under 42 U.S.C. § 1983.

The Court of Federal Claims held that claims under the Federal Tort Claims Act and § 1983 do not fall within its jurisdiction under 28 U.S.C. §§ 1346(a), 1491. The court therefore dismissed Mr. Robleto's complaint for lack of subject-matter jurisdiction. The court also declined to transfer the case, under 28 U.S.C. § 1631, to a district court where the action could have been brought. It explained that Mr. Robleto had filed his current complaint in November 2014, well beyond the six months allowed after the September 2012 denial of his administrative claim, so this suit would be untimely as a Federal Tort Claims Act suit.

Mr. Robleto appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

### DISCUSSION

We review de novo the dismissal of Mr. Robleto's complaint for lack of jurisdiction. *Frazer v. United States*, 288 F.3d 1347, 1351 (Fed. Cir. 2002). We review the decision to dismiss the complaint, rather than transfer to another court, for abuse of discretion. *Rick's Mushroom Service, Inc. v. United States*, 521 F.3d 1338, 1342 (Fed. Cir. 2008).

The only jurisdictional grant of possible relevance here is the Tucker Act, which gives the Court of Federal Claims "jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). But both of Mr. Robleto's claims fall outside that limited grant of jurisdiction.

The Court of Federal Claims lacks jurisdiction over Mr. Robleto's claim under the Federal Tort Claims Act. Congress has provided that the United States District

Courts have "exclusive jurisdiction" to determine the liability of the United States under the Federal Tort Claims Act. 28 U.S.C. §§ 1346(b)(1), 2674. That exclusive grant to district courts excludes the Court of Federal Claims. And the Tucker Act itself confirms the exclusion by its provision limiting the Court of Federal Claims' jurisdiction to "cases not sounding in tort." *See U.S. Marine, Inc. v. United States*, 722 F.3d 1360, 1363, 1366 (Fed. Cir. 2013).

The Court of Federal Claims also cannot hear Mr. Robleto's claim under 42 U.S.C. § 1983. That statute is limited to actions under color of *state* (or territorial) law, not actions under *federal* law, and it applies only to "person[s]" committing such actions. 42 U.S.C. § 1983 ("Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . ."). There is no substantial claim here, if there ever could be, that the Bureau of Prisons was acting under color of state (or territorial) law or is a "person" doing so. *See Canuto v. United States*, 615 F. App'x 951, 953 (Fed. Cir. 2015). Mr. Robleto's § 1983 claim is therefore insubstantial and was properly dismissed.

The Court of Federal Claims did not abuse its discretion in deciding not to transfer Mr. Robleto's case to a district court. Under 28 U.S.C. § 1631, when the Court of Federal Claims "finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed." Here, the Court of Federal Claims had a sufficient basis to conclude that it was not "in the interest of justice" to transfer the case.

First, Mr. Robleto filed the complaint in this case on November 3, 2014, well after the end of the six-month period allowed for filing after the September 2012 denial of his administrative claim. 28 U.S.C. § 2401(b). His late

filing presumptively means that this case would be untimely, and properly dismissed even if transferred, although the § 2401(b) timing requirement is not jurisdictional. *United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1633 (2015). Mr. Robleto has not alleged any basis for equitable tolling to excuse the untimeliness. Second, Mr. Robleto had earlier filed a timely Federal Tort Claims Act suit in the Eastern District of North Carolina in November 2012. He had the opportunity to pursue his claim, but the case was dismissed because he failed to comply with court orders. If there remains any possibility of reinstating that suit, it is a matter for the district court, and it is not a ground for transferring this untimely suit.

## CONCLUSION

For the foregoing reasons, we affirm the decision of the Court of Federal Claims.

No costs.

## AFFIRMED