NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**TERESITA A. CANUTO,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2016-1605

---

Appeal from the United States Court of Federal Claims in No. 1:15-cv-00821-EDK, Judge Elaine Kaplan.

---

Decided: June 9, 2016

---

TERESITA A. CANUTO, Panorama City, CA, pro se.

DANIEL S. HERZFELD, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by ELIZABETH M. HOSFORD, ROBERT E. KIRSCHMAN, JR., BENJAMIN C. MIZER.

---

Before PROST, *Chief Judge,* TARANTO, and CHEN, *Circuit Judges.*

PER CURIAM.

The Court of Federal Claims dismissed Teresita Canuto's complaint, partly for lack of subject matter jurisdiction, and partly for failure to state a claim. We affirm the dismissal. We likewise affirm the Court of Federal Claims' dismissal of Ms. Canuto's motions to supplement and to amend her complaint.

## BACKGROUND

In this suit against the United States, Ms. Canuto alleges that on several occasions, members of the United States military broke into her home. She alleges that they used sleeping gas to render her and her family unconscious, then sexually assaulted her. She also alleges that they took "her genetic material or DNA (blood)" and various articles that belonged to her, including papers identifying "scientific discoveries" about HIV/AIDS, cancer, and Alzheimer's disease. J.A. 134.

Ms. Canuto filed an earlier suit in the Court of Federal Claims making similar allegations. *Canuto v. United States*, No. 15-410C, 2015 WL 1926375, at *1 (Fed. Cl. Apr. 27, 2015). The Court of Federal Claims dismissed that complaint for lack of subject matter jurisdiction, and this court affirmed. *Canuto v. United States*, 615 F. App'x 951, 952 (Fed. Cir. 2015).

The Court of Federal Claims thereafter dismissed the present case. The court also denied a motion to supplement the complaint and two motions to amend the complaint. Ms. Canuto appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(3) to review the appealed rulings.

## DISCUSSION

### A

The only jurisdictional grant to the United States Court of Federal Claims that is at issue here is the Tucker Act, 28 U.S.C. § 1491(a)(1). That grant is limited to

certain cases seeking damages from the United States. A claim, to qualify, must not sound in tort and must be based, as relevant here, on a statute, regulation, or constitutional provision that defines the alleged wrong and mandates monetary relief for its violation. *See United States v. Navajo Nation*, 556 U.S. 287, 289–90 (2009); *Jan's Helicopter Serv., Inc. v. FAA*, 525 F.3d 1299, 1306 (Fed. Cir. 2008).

In the Court of Federal Claims, Ms. Canuto alleged that the soldiers' conduct violated 18 U.S.C. § 242, and on appeal she mentions two more criminal statutes, 18 U.S.C. §§ 1039 and 1385. It suffices to say that none of those statutes is a money-mandating statute. We have previously explained the general rule that the Tucker Act does not grant the Court of Federal Claims jurisdiction to enforce the federal criminal code. *Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994) (holding that the Court of Federal Claims has no jurisdiction to adjudicate claims under the criminal code).

Ms. Canuto has alleged that the soldiers' actions violated the Fourth and Fourteenth Amendments. We have held that neither provision is a money-mandating source of rights, and therefore neither is a basis for jurisdiction under the Tucker Act. *Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997); *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995). Nor is Article III language, mentioned by Ms. Canuto on appeal, that generally defines the judicial power of the United States. Such language is not a money-mandating source of rights, as required by the Tucker Act.

For those reasons, the Court of Federal Claims properly dismissed the foregoing claims for lack of jurisdiction. As to Ms. Canuto's allegation that the soldiers' stealing of her property constituted a taking forbidden by the Fifth Amendment in the absence of just compensation, the Court of Federal Claims accepted that the Tak-

ings Clause is a money-mandating constitutional provision. But the court held that Ms. Canuto's allegations fail to state a takings claim and so dismissed those allegations on the merits. We agree with that result.

Based on Supreme Court precedents, this court has long held that, in order for a plaintiff to have a takings claim against the government because a federal officer took the plaintiff's private property, the challenged actions of the officer must have been "authorized" by federal law. *See Del-Rio Drilling Programs, Inc. v. United States*, 146 F.3d 1358, 1362–63 (Fed. Cir. 1998). Here, Ms. Canuto does not allege any facts that can plausibly be taken to show that the government agents, members of the military, were acting in an authorized manner in the conduct she alleges. She has not, for instance, identified a law-enforcement initiative, an investigation, a military operation, or a statutory mandate that might have led government agents to commit the acts she alleges. She states only the conclusion, not facts to support a plausible inference, that the government agents were "acting within the scope of their employment." J.A. 13. Her allegations therefore cannot support a takings claim. To the extent they suggest a tort claim, such claims are outside the Tucker Act. *See* 28 U.S.C. § 1491(a)(1).

On appeal, Ms. Canuto points to a wide variety of other sources of law in an effort to identify a basis of jurisdiction in the Court of Federal Claims. Even putting aside the impropriety of raising matters for the first time on appeal, we see no basis in these arguments for reversing the dismissal. The various sources of law fall into one or more categories: state law; federal-law provisions that carry no private right of action, at least not for persons in Ms. Canuto's position; federal-law provisions whose enforcement is committed to courts other than the Court of Federal Claims, *e.g.*, district courts; or federal-law provisions that are not money-mandating. Ms. Canuto has not stated a basis for a Tucker Act suit.

## B

Ms. Canuto moved to supplement her complaint and to amend her complaint. In her motions, she sought to add allegations of harassment and sexual assault in the same vein as those in the original complaint, and to incorporate the allegations from her earlier Court of Federal Claims case into this case. The Court of Federal Claims denied Ms. Canuto's motions.

We see no error in that denial, which we review only for an abuse of discretion. *See Tamerlane, Ltd. v. United States*, 550 F.3d 1135, 1147 (Fed. Cir. 2008). Motions to supplement or amend a complaint may be denied if the proposed amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). That principle supplied a sound basis for denial here. Ms. Canuto offered nothing to distinguish the proposed new allegations from the allegations of her complaint that were properly dismissed. And as to the claims that Ms. Canuto raised in her prior complaint, the doctrine of collateral estoppel prevents their relitigation in this case, because she had a fair opportunity to litigate them earlier, they were actually litigated, and their rejection was necessary to the judgment in the earlier suit. *See Shell Petroleum, Inc. v. United States*, 319 F.3d 1334, 1338 (Fed. Cir. 2003).

### CONCLUSION

The decision of the Court of Federal Claims dismissing Ms. Canuto's complaint and denying the motions to supplement and amend the complaint is therefore affirmed.

**AFFIRMED**