NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**TERESITA A. CANUTO,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2016-2299

---

Appeal from the United States Court of Federal Claims in No. 1:16-cv-00414-NBF, Senior Judge Nancy B. Firestone.

---

Decided: December 12, 2016

---

TERESITA A. CANUTO, Northridge, CA, pro se.

KRISTIN MCGRORY, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., DEBORAH A. BYNUM.

---

Before DYK, CLEVENGER, and STOLL, *Circuit Judges.*

PER CURIAM.

The Court of Federal Claims dismissed Teresita Canuto's claims for lack of subject of matter jurisdiction. We affirm the dismissal, along with the Court of Federal Claims' denial of Ms. Canuto's motion to amend her complaint as moot.

BACKGROUND

Ms. Canuto brings this suit against the United States. She alleges that, on numerous occasions, members of the U.S. military broke into her apartment, released sleeping gas to incapacitate her and her family, and sexually assaulted her. Ms. Canuto alleges that the perpetrators were acting under orders from the Office of the President. She seeks compensatory and punitive damages for the alleged assaults.

This is the third suit Ms. Canuto has filed in the Court of Federal Claims making largely the same allegations of assault. In both prior cases, the Court of Federal Claims dismissed Ms. Canuto's complaints for lack of subject matter jurisdiction, and this court affirmed each of those dismissals. *See Canuto v. United States*, 651 F. App'x 996 (Fed. Cir. 2016); *Canuto v. United States*, 615 F. App'x 951 (Fed. Cir. 2015).

Ms. Canuto filed her complaint in the present case on April 1, 2016. She filed a motion to amend her complaint to include additional allegations of abuse on April 15, 2016. The Court of Federal Claims *sua sponte* dismissed Ms. Canuto's claims on May 4, 2016, finding a lack of subject matter jurisdiction. The Court of Federal Claims also denied Ms. Canuto's motion to amend as moot. Ms. Canuto appeals the Court of Federal Claims' dismissal. We have jurisdiction to review the Court of Federal Claims' rulings under 28 U.S.C. § 1295(a)(3).

DISCUSSION

A

The Tucker Act, 28 U.S.C. § 1491(a)(1), "confers jurisdiction upon the Court of Federal Claims over the specified categories of actions brought against the United States." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc portion). The categories are those "founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1).

The Tucker Act does not, however, create a substantive cause of action. "[A] plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher*, 402 F.3d at 1172. "That source must be 'money-mandating.' " *Metz v. United States*, 466 F.3d 991, 996 (Fed. Cir. 2006) (quoting *Fisher*, 402 F.3d at 1172 (en banc portion)).

Ms. Canuto's complaint cites to a several sources of law as supporting her claims: the Posse Comitatus Act, 18 U.S.C. § 1385; the Occupational Safety and Health Act of 1970, 29 U.S.C § 651; 10 U.S.C. § 375 (relating to regulations for preventing the use of the military for domestic law enforcement); the Telephone Records and Privacy Protection Act of 2006, 18 U.S.C. § 1039; the Privacy Act of 1974, 5 U.S.C. § 552a; the Federal Tort Claims Act, 28 U.S.C. § 2679; 10 U.S.C. § 939 (relating to procedures for addressing property damage claims under Uniform Code of Military Justice); the Military Claims Act, 10 U.S.C. § 2733; the Civil Rights Act, 42 U.S.C. § 1981; and various sections of Articles I, II, and III of the Constitution.

The Court of Federal Claims found that none of the cited sources of law fit within the Tucker Act's jurisdictional grant. Without addressing whether Ms. Canuto

satisfactorily alleged facts to state a claim under these various regulations, we agree that the Court of Federal Claims may not hear her claims.

First, Ms. Canuto's claims seeking damages for "repeated assault . . . and battery," are, at their core, tort claims. *See* Complaint at 1. The Tucker Act specifically excludes claims "sounding in tort" from the Court of Federal Claims' jurisdiction. 28 U.S.C. § 1491(a)(1).

Second, Congress has conferred to the district courts exclusive jurisdiction over claims brought pursuant to the Federal Tort Claims Act, *see* 28 U.S.C. § 1346(b)(1); *Robleto v. United States*, 634 F. App'x 306, 308 (Fed. Cir. 2015), and the Civil Rights Act, *see Cunningham v. United States*, 479 F. App'x 974, 975 (Fed. Cir. 2012). The Court of Federal Claims properly refused to hear Ms. Canuto's claims rooted in these statutes.

Finally, Ms. Canuto fails to establish that any of the remaining sources of law are money-mandating. "Not every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act. . . . [T]he claimant must demonstrate that the source of substantive law he relies upon can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained." *United States v. Mitchell*, 463 U.S. 206, 216–17 (1983) (quotation marks omitted). Even pro se claimants must meet this burden of proving the Court of Federal Claims' jurisdiction. *Sanders v. United States*, 252 F.3d 1329, 1333 (Fed. Cir. 2001). Ms. Canuto has not done so.

We agree with the Court of Federal Claims, for the reasons stated in the thorough opinion below, that the other cited statutes and Constitutional provisions are not money-mandating. Most of them do not contemplate or provide for private causes of action, let alone require the payment of damages. *See United States v. Navajo Nation*, 556 U.S. 287, 290 (2009) ("The . . . source of law need not

*explicitly* provide that the right or duty it creates is enforceable through a suit for damages, but it triggers liability only if it can fairly be interpreted as mandating compensation by the Federal Government." (quotation marks omitted)).

In her appeal briefs, Ms. Canuto also argues that the Declaration of Independence serves as protection order against violence, threats, and harassment, thereby providing the basis for the Court of Federal Claims' jurisdiction. Ms. Canuto waived this argument by not first raising it before the Court of Federal Claims. *See San Carlos Apache Tribe v. United States*, 639 F.3d 1346, 1354–55 (Fed. Cir. 2011). Also, the Declaration of Independence is not a money-mandating source of law.

We have considered Ms. Canuto's remaining arguments and find them unpersuasive. Thus, for the reasons stated above, the Court of Federal Claims properly dismissed Ms. Canuto's complaint for a lack of subject matter jurisdiction.

## B

Prior to dismissal, Ms. Canuto moved to amend her complaint to allege additional instances of assault. The Court of Federal Claims denied the motion as moot after dismissing the case.

The denial of Ms. Canuto's motion to amend was not an abuse of discretion. *See Tamerlane, Ltd. v. United States*, 550 F.3d 1135, 1147 (Fed. Cir. 2008). Ms. Canuto's amended allegations did not identify additional or alternative legal bases on which the Court of Federal Claims could exercise jurisdiction. As such, the motion was futile and properly denied. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (identifying "futility of amendment" as a basis for denying leave to amend).

CONCLUSION

We affirm the Court of Federal Claims' dismissal of Ms. Canuto's complaint and denial of the motion to amend as moot.

**AFFIRMED**

COSTS

No Costs.