NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CHRISTOPHER SCOTT BARKSDALE,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2025-1386

---

Appeal from the United States Court of Federal Claims in No. 1:24-cv-01102-EMR, Judge Eleni M. Roumel.

---

**ON MOTION**

---

PER CURIAM.

## O R D E R

Christopher Scott Barksdale appeals from the judgment of the United States Court of Federal Claims dismissing his case for lack of jurisdiction. In response to this court's show cause order, the United States urges the court to summarily affirm the decision or dismiss the appeal as frivolous. Mr. Barksdale responds to the order and moves to strike the United States's response to the show cause order.

Mr. Barksdale filed a complaint at the Court of Federal Claims, in which, inter alia, he sought damages for harm assertedly caused by decisions of two federal district judges handling his prior lawsuits in district court and requested that the court amend or repeal the federal *in forma pauperis* statute, 28 U.S.C. § 1915. He also alleged that the district judges in the prior cases violated the oath of office set forth in 28 U.S.C. § 453. The Complaint further invoked civil rights provisions (namely, 42 U.S.C. §§ 1983, 1985, and 1988), the Federal Torts Claims Act, and several provisions of the U.S. Constitution—the First Amendment, the Ninth Amendment, the Fourteenth Amendment, and the Due Process Clause (and equal protection component thereof) of the Fifth Amendment. The Court of Federal Claims dismissed the case for lack of jurisdiction under the Tucker Act, 28 U.S.C. § 1491(a)(1), and certified under 28 U.S.C. § 1915(a)(3) that an appeal would not be in good faith. Mr. Barksdale nevertheless appealed.

Summary affirmance is appropriate here because "no substantial question regarding the outcome of the appeal exists." *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994). The Court of Federal Claims was clearly correct that it is not authorized to review Mr. Barksdale's challenges to the rulings of the district courts in his prior cases, *see Shinnecock Indian Nation v. United States*, 782 F.3d 1345, 1352 (Fed. Cir. 2015) ("Binding precedent establishes that the Court of Federal Claims has no jurisdiction to review the merits of a decision rendered by a federal district court"), and that the assertion that the district judges in those cases breached their oath of office was not a breach-of-contract claim cognizable under the Tucker Act, *Hercules Inc. v. United States*, 516 U.S. 417, 423 (1996) (noting that the Court of Federal Claims's jurisdiction does not extend to "contracts implied in law"). Nor can the Court of Federal Claims amend or repeal the *in forma pauperis* statute, which was enacted and can be amended or repealed only by Congress.

It is also clear that the remaining claims are all outside the Tucker Act. Some are barred because exclusive federal court original jurisdiction over them lies in district court.[1] The others—his constitutional allegations—fail because, for each, the constitutional provision invoked is not a source of substantive law that "can fairly be interpreted as mandating compensation by the Federal Government," a requirement for Tucker Act jurisdiction here. *United States v. Navajo Nation*, 556 U.S. 287, 290 (2009) (citation omitted).[2]

Accordingly,

IT IS ORDERED THAT:

---

[1]    *See* 28 U.S.C. § 1346(b)(1) (providing exclusive original jurisdiction over Federal Tort Claims Act claims in federal district court); 28 U.S.C. § 1343(a)(4) (providing for federal court original jurisdiction over Civil Rights Act cases exclusively in district court); *see also Canuto v. United States*, 673 F. App'x 982, 984 (Fed. Cir. 2016) ("Congress has conferred to the district courts exclusive jurisdiction over claims brought pursuant to the Federal Tort Claims Act . . . and the Civil Rights Act").

[2]    *See United States v. Connolly*, 716 F.2d 882, 887 (Fed. Cir. 1983) (First Amendment not money-mandating); *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013) (no jurisdiction over claims based on the Due Process Clause of the Fifth Amendment); *Patterson v. United States*, 218 F. App'x 987, 988 (Fed. Cir. 2007) (Ninth Amendment); *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (Fourteenth Amendment). While the Complainant alleged that "the Defendant has taken plaintiff['s] Fifth amendment rights," the trial court was clearly correct that this refers to the Due Process Clause, not the Takings Clause.

(1)  The judgment of the United States Court of Federal Claims is summarily affirmed.

(2)  All pending motions are denied.

(3)  Each side shall bear its own costs.

FOR THE COURT

April 28, 2025
Date

Jarrett B. Perlow
Clerk of Court