

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-5-2007

# Medina v. Philadelphia

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2908

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Medina v. Philadelphia" (2007). *2007 Decisions*. Paper 1813.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1813

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 05-2908

———

CARMEN MEDINA,

Appellant

v.

CITY OF PHILADELPHIA, U.S. DEPARTMENT OF HOUSING AND URBAN
DEVELOPMENT (HUD), and SECRETARY U.S. DEPARTMENT OF HOUSING
AND URBAN DEVELOPMENT (HUD)

———

On Appeal from the Judgments of the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. Civ. 04-5698)
District Judge: Honorable Berle M. Schiller

———

Submitted Under Third Circuit LAR 34.1(a)
December 12, 2006

Before: SMITH, ROTH, *Circuit Judges*, and IRENAS,[*] *Senior District Judge.*

(Filed:  January 5, 2007)

_____

[*] Honorable Joseph E. Irenas, Senior United States District Judge for the District of
New Jersey, sitting by designation.

1

IRENAS, *Senior United States District Judge.*

On May 9, 2005, the District Court for the Eastern District of Pennsylvania, pursuant to Fed. R. Civ. P. 12(b)(1), entered an order dismissing Plaintiff Carmen Medina's Complaint with prejudice due to lack of subject matter jurisdiction. The finding was predicated on Medina's failure to present an administrative tort claim to the U.S. Department of Housing and Urban Development ("HUD"), as required by the Federal Tort Claims Act, 28 U.S.C. § 2675(a) (the "FTCA"), and by 28 U.S.C. § 2401(b). Medina appeals this judgment. We will affirm.

I.

Medina averred, in her Complaint, that on December 9, 2002, she slipped and fell on property located at 4057 N. Reese Street, Philadelphia, PA, owned by HUD. On January 3, 2003, Medina's attorney allegedly sent a letter notifying HUD of her claims. (Appellant, 9; J.A., 15). HUD, however, denies having received such letter, and Medina offers no proof of such receipt. (J.A. 17, 27-8). One year later, Medina's attorney sent another letter, dated January 24, 2004, advising HUD of Medina's claims. (J.A. 16). HUD purportedly received this letter on March 2, 2004. (J.A. 27). HUD's Office of Regional Counsel sent a responsive letter dated March 4, 2004, informing Medina's

attorney that an administrative claim[1] (which was provided in the letter) must be completed and returned to the HUD office for processing. (J.A. 17). The letter also included a copy of the relevant federal regulations that describe in detail how to initiate a claim against HUD for personal injuries.[2] Medina alleges that she mailed a completed administrative claim to HUD on March 11, 2004, but has no proof that HUD received it, and offers only an unsigned letter as proof of its existence. (Appellant, 10; J.A. 18). HUD denies having ever received the claim. (J.A. 28).

After hearing no response from HUD within the requisite 6 months of her alleged filing of an administrative claim,[3] Medina filed an action with the District Court on December 9, 2004 and attached a completed administrative claim to the Complaint.

## II.

This Court has jurisdiction to review the District Court's order dismissing the Complaint pursuant to 28 U.S.C. § 1291. We will exercise plenary review over the question of subject matter jurisdiction. *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 219 (3d Cir. 2005); *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004).

---

[1] The administrative claim sent to Medina was a "Standard Form 95."

[2] HUD attached 24 C.F.R. §§ 17.1-17.12 to the letter sent to Medina. These regulations set forth the requirements and procedures for filing personal injury claims under the FTCA.

[3] The six month requirement in which the Government agency must make a determination after its receipt of a claim is set forth in 28 U.S.C. § 2675(a).

III.

Appellees (hereinafter "the Government") moved to dismiss the action in the District Court pursuant to Fed. R. Civ. P. 12(b)(6) for lack of subject matter jurisdiction. The District Court properly treated the motion as a Fed. R. Civ. P. 12(b)(1) motion (hereinafter "Rule 12(b)(1)"). [4]

Medina claims that the District Court erred in applying Rule 12(b)(1) and should have instead treated the motion as falling under Fed. R. Civ. P. 56 (hereinafter "Rule 56"),[5] in light of the fact that her failure to file an administrative claim is a statute of limitations rather than a jurisdictional issue. In support of her contention, Medina cites *Hughes v. United States*, 263 F.3d 272 (3d Cir. 2001). *Hughes*, however, is distinguishable because the issue before the Court in *Hughes* was the accrual of a medical malpractice action under the FTCA, which the Court expressly stated was not a jurisdictional issue. *Id.* at 278.

On the other hand, the question in this case is one of presentment under the FTCA. Because the FTCA permits suits against the Government by private parties, its presentment requirement and limitation periods are considered jurisdictional. *See Roma v. United States,* 344 F.3d 352, 362 (3d Cir. 2003), *cert denied,* 543 U.S. 874 (2004); *Livera v. First Nat'l State Bank of N.J.*, 879 F.2d 1186, 1194 (3rd Cir. 1989); *Bialowas v.*

---

[4] Rule 12(b)(1) governs motions for lack of subject matter jurisdiction. Rule 12(b)(6) governs motions for failure to state a claim upon which relief can be granted.

[5] Rule 56 governs motions for summary judgment.

*United States*, 443 F.2d 1047, 1049 (3d Cir. 1971) (the requirement of presentment is jurisdictional and cannot be waived); *Dark v. United States*, 1991 U.S. Dist. LEXIS 10551, *2 (E.D. Pa. 1991)*, aff'd without opinion*, 961 F.2d 1566 (3d Cir. 1992).

Thus, the District Court properly analyzed the arguments under Rule 12(b)(1). Furthermore, the Government's challenge to the District Court's subject matter jurisdiction was factual in nature. Accordingly, the Court was permitted to look beyond the pleadings in deciding the 12(b)(1) motion. *See Cestonaro v. United States*, 211 F.3d 749 (3d Cir. 2000).

### IV.

Pursuant to the FTCA, a claimant seeking money damages may not file a tort claim for injury caused by the negligence, wrongful acts, or omission of any Government employee in the scope of his employment against the United States "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency *.*" 28 U.S.C. § 2675(a) (emphasis added). The filing of an administrative claim with the appropriate agency is referred to as "presentment."

There is a two year limit on presentment. "A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues . . . or unless [court] action is begun with six months . . . ." 28 U.S.C. § 2401(b). These time bars are strictly construed. *Livera* , 879

F.2d at 1195; *Dunn v. United States,* 775 F.2d 99 (3d Cir. 1985).

Plaintiff carries the burden of proof to establish presentment of her claim to HUD. *See Livera ,* 879 F.2d at 1195*; Acheampong v. United States*, 2002 U.S. Dist. LEXIS 26530 (E.D. Pa. 2002), *aff'd without opinion,* 2004 U.S. App. LEXIS 4424 (3d Cir. 2004); *Dark,* 1991 U.S. Dist. LEXIS at \*9; *Murray v. United States*, 604 F. Supp. 444, 445 (E.D. Pa. 1985); *Bailey v. United States*, 642 F.2d 344 (9th Cir. 1981). Medina has not carried this burden.

None of the letters sent by Medina's attorney to HUD requested monetary damages in a "sum certain," as required by 24 C.F.R. § 17.2. *See also Livera*, 879 F.2d at 1195 (finding the complaint inadequate, in part, because it failed to state damages in a sum certain).

Medina has offered no proof of receipt of the administrative claim allegedly sent to HUD by her attorney on March 11, 2004. In order to satisfy the presentment requirement, a plaintiff must demonstrate that the appropriate federal agency actually *received* the claim. 28 C.F.R. § 14.2(a). *See also Dark,* 1991 U.S. Dist. LEXIS at \*10 (finding that an unsigned letter by plaintiff's counsel was insufficient to prove receipt of plaintiff's claim); *Bailey*, 642 F.2d at 347 (9th Cir. 1981); *Anderson v. United States*, 744 F. Supp. 641, 644 (E.D. Pa. 1990); *Crack v. United States*, 694 F. Supp. 1244, 1246 (E.D. Va. 1988). This is not an onerous requirement, as proof of receipt can easily be obtained by sending a claim by certified mail or by registered mail, or by obtaining acknowledgment

of receipt from the agency itself.[6]

Even if the March 11, 2004, letter was actually mailed within two years of her alleged injury, Medina must offer proof of actual receipt of the claim (or strong evidence from which receipt can be inferred) to satisfy the two year limitation in § 2401(b). Medina offers no proof, other than an unsigned letter and her attorney's affidavit, indicating that her attorney sent the claim on that date. Two HUD employees, however, submitted declarations stating that HUD has no record of receipt of Plaintiff's administrative claim. In most cases, as in this one, an attorney's affidavit, standing alone, indicating that she mailed an administrative claim, is insufficient to prove presentment of such claim to the appropriate federal agency.

Plaintiff argues that attaching an administrative claim to a Complaint filed with the District Court is sufficient to satisfy the FTCA's presentment requirement. The FTCA expressly states:

> An action shall not be instituted upon a claim against the United States for money damages for ... personal injury ... unless the claimant shall have *first* presented the claim to the appropriate Federal agency [.]

28 U.S.C. § 2675(a)(emphasis added). *See also Bogl v. United States Postal Service*, 1993

---

[6] Although *Dark* stated that Plaintiff could have established proof of receipt by obtaining a certificate of mailing, such certificate only evidences delivery to the Post Office for mailing. *See* http://pe.usps.com/Archive/PDF/DMMArchive0810/S914.pdf. We note that this Court is not holding that direct evidence of receipt is the sole method of establishing presentment, but only that the proof offered by plaintiff in this case is inadequate.

7

U.S. Dist LEXIS 9314, *12 (E.D.Pa. 1993). Because Medina did not present her claim to HUD prior to filing an action in the District Court,[7] this attempt at presentment fails as well.

IV.

For the reasons set forth above, the judgment of the Eastern District of Pennsylvania will be affirmed.

---

[7] Because Medina filed her Complaint in the District Court on the last day of the two year statute of limitations set forth by 28 U.S.C. § 2401(b), any attempt to present her administrative claim to HUD after that date would have been untimely.