NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RONALD GENE KENYON,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2016-2549

---

Appeal from the United States Court of Federal Claims in No. 1:16-cv-00223-SGB, Chief Judge Susan G. Braden.

---

Decided: April 7, 2017

---

RONALD GENE KENYON, Marianna, FL, pro se.

JIMMY MCBIRNEY, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., MARTIN HOCKEY.

---

PER CURIAM.

Ronald Gene Kenyon ("Kenyon") appeals from the final judgment of the United States Court of Federal Claims ("the Claims Court") dismissing his amended complaint for lack of subject matter jurisdiction. *See Kenyon v. United States,* 127 Fed. Cl. 767 (2016) ("*Decision*"). For the reasons that follow, we *affirm*.

BACKGROUND

Kenyon is currently imprisoned at the Federal Corrections Institute ("FCI") in Marianna, Florida. Following a retrial, the Eighth Circuit affirmed Kenyon's conviction on two counts of aggravated sexual abuse of a child, reversed his conviction on two other counts, and remanded. *United States v. Kenyon*, 481 F.3d 1054, 1059, 1072 (8th Cir. 2007). On July 16, 2007, Kenyon was sentenced on the two counts of aggravated sexual abuse of a child to concurrent terms of 293 months in custody. *United States v. Kenyon*, Second Amended Judgment, No. 3:03-cr-30071, (D.S.D. July 16, 2007), ECF No. 155. Kenyon did not appeal.

In February 2016, Kenyon filed a complaint in the Claims Court. The court subsequently granted Kenyon's motion to file an amended complaint. Kenyon's amended complaint alleges violations of his constitutional rights and the "bad men" clause of the Fort Laramie Treaty of 1868, 15 Stat. 635. The amended complaint also alleges that Kenyon was wrongfully imprisoned. Kenyon seeks damages in the amount of $25 million for wrongful imprisonment and injunctive and declaratory relief, including enjoining the United States from enforcing multiple statutes and policies listed in the amended complaint, his immediate release from FCI, and "expungement of his 'charges, DNA, fingerprints, data and all other legal instruments particular to [him].'" *Decision*, 127 Fed. Cl. at 770–771 (quoting Am. Compl. at 2–3) (alteration in original). The government moved to dismiss the amended

complaint for lack of subject matter jurisdiction and for failure to state a claim.

On July 28, 2016, the Claims Court granted the government's motion and dismissed Kenyon's amended complaint for lack of subject matter jurisdiction. The Claims Court concluded that it did "not have jurisdiction to adjudicate the alleged constitutional violations because the Fourth, Sixth, and Eighth Amendments, as well as the Due Process clauses of the Fifth and Fourteenth Amendments are not 'money-mandating.'" *Kenyon,* 127 Fed. Cl. at 773. Additionally, because Kenyon "ha[d] not exhausted his administrative remedies by filing a claim with the United States Department of the Interior," the Claims Court concluded that it did not have jurisdiction regarding the alleged violations of the "bad men" clause of the Fort Laramie Treaty. *Id.* at 774.

Furthermore, the Claims Court determined that it did not have jurisdiction over Kenyon's wrongful imprisonment claims for failure to satisfy the statutory requirements under 28 U.S.C. § 2513(a), or jurisdiction to review the criminal proceedings leading to Kenyon's conviction and his claims pursuant to certain criminal statutes. *Id.*

On August 22, 2016, Kenyon filed a joint notice of appeal and motion to alter or amend judgment pursuant to Rule 59(e) of the Rules of the United States Court of Federal Claims. On August 25, 2016, the Claims Court denied the motion to alter or amend the judgment as moot in light of the transmittal of the appeal to this court. ("Rule 59(e) Order"). Keyon did not file a notice of appeal from, or an amended notice of appeal following, the Rule 59(e) Order.

Kenyon timely appealed from the Claims Court's July 28, 2016 decision. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

DISCUSSION

We review the Claims Court's decision to dismiss a claim for lack of subject matter jurisdiction *de novo*. *Waltner v. United States*, 679 F.3d 1329, 1332 (Fed. Cir. 2012). A plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence, *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002), and the leniency afforded *pro se* litigants with respect to mere formalities does not relieve them of jurisdictional requirements, *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987). We review the Claims Court's interpretation of treaties *de novo*. *Jones v. United States*, 846 F.3d 1343, 1351 (Fed. Cir. 2017).

The Tucker Act provides the Claims Court with jurisdiction over claims "against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act is "only a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages." *United States v. Testan,* 424 U.S. 392, 398 (1976). "Instead, to invoke jurisdiction under the Tucker Act, a plaintiff must identify a contractual relationship, constitutional provision, statute, or regulation that provides a substantive right to money damages." *Khan v. United States,* 201 F.3d 1375, 1377 (Fed. Cir. 2000). The Claims Court also has "jurisdiction to render judgment upon any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned." 28 U.S.C. § 1495.

Kenyon argues that the Claims Court's dismissal should be reversed and that the "court failed to fairly consider [his] motion to alter or amend judgment pursuant to Rule 59(e)." Appellant's Br. 1–2. Kenyon contends

that the Claims Court applied the wrong law, failed to consider important grounds for relief, and otherwise erred in dismissing his case. For support, he primarily provides citation without explanation to cases, statutes, the Fort Laramie Treaty, the Constitution, and the Federal Rules of Civil Procedure.

The government responds that the Claims Court correctly concluded that it lacks jurisdiction over Kenyon's complaint. The government contends that the Claims Court properly relied on established precedent to hold that it lacked jurisdiction over Kenyon's claims. The government asserts that Kenyon waived any argument regarding an "overlap between two federal provisions" (42 U.S.C. § 1983 and 28 U.S.C. § 2255) and whether 42 U.S.C. § 16913 ("S.O.N.R.A.") is "punishment" by raising those issues for the first time on appeal. Appellee's Br. 6–7. The government also argues that the Claims Court did not incorrectly fail to consider Kenyon's Rule 59(e) motion.

As an initial matter, because Kenyon never filed an amended notice of appeal of the Rule 59(e) Order, that order is not properly before us. "A party intending to challenge an order disposing of any motion listed in [Federal Rule of Appellate Procedure] 4(a)(4)(A), or a judgment's alteration or amendment upon such a motion, must file a notice of appeal, or an amended notice of appeal . . . ." FED. R. APP. P. 4(a)(4)(B)(ii). Motions listed in Rule 4(a)(4)(A) include motions "to alter or amend the judgment under Rule 59." Here, the Rule 59(e) Order disposed of Kenyon's motion to alter or amend the judgment. Kenyon failed to timely file an amended notice of appeal from that order. Accordingly, Kenyon's allegation that the Claims Court failed to "fairly consider" his motion to alter or amend the judgment is not properly before us. *See Tex. Peanut Farmers v. United States*, 409 F.3d 1370, 1375 (Fed. Cir. 2005).

We agree with the government that the Claims Court properly concluded that it lacked jurisdiction to adjudicate Kenyon's alleged constitutional violations. The Claims Court lacks jurisdiction over claims based on the Fourth, Sixth, and Eighth Amendments, as well as the Due Process clauses of the Fifth[1] and Fourteenth Amendments because they are not "money-mandating." *See, e.g.*, *Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) ("Because monetary damages are not available for a Fourth Amendment violation, the Court of Federal Claims does not have jurisdiction over such a violation."); *Dupre v. United States*, 229 Ct. Cl. 706, 706 (1981) ("[T]he fourth and sixth amendments do not in themselves obligate the United States to pay money damages; and, therefore, we have no jurisdiction over such claims."); *Trafny v. United States*, 503 F.3d 1339, 1340 (Fed. Cir. 2007) ("The Court of Federal Claims does not have jurisdiction over claims arising under the Eighth Amendment, as the Eighth Amendment is not a money-mandating provision." (internal quotation marks omitted)); *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (The "Due Process Clauses of the Fifth and Fourteenth Amendments" are not "a sufficient basis for jurisdiction because they do not mandate payment of money by the government.").

We also agree with the government that the Claims Court properly concluded that it lacked jurisdiction over Kenyon's wrongful imprisonment claims. 28 U.S.C. § 2513 requires a person suing under 28 U.S.C. § 1495 to "allege and prove that:"

(1) His conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted, or on new trial or rehear-

---

[1] The amended complaint does not allege a taking under the Fifth Amendment.

ing he was found not guilty of such offense, as appears from the record or certificate of the court setting aside or reversing such conviction, or that he has been pardoned upon the stated ground of innocence and unjust conviction and

(2) He did not commit any of the acts charged or his acts, deeds, or omissions in connection with such charge constituted no offense against the United States, or any State, Territory or the District of Columbia, and he did not by misconduct or neglect cause or bring about his own prosecution.

28 U.S.C. § 2513(a). Kenyon does not meet these requirements.

We similarly agree that even if the court construes Kenyon's wrongful imprisonment claims as a request for review of the district court criminal proceedings, the Claims Court lacks jurisdiction. The Claims Court "does not have jurisdiction to review the decisions of district courts or the clerks of district courts relating to proceedings before those courts." *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994). Furthermore, we agree that the Claims Court properly concluded that it lacked jurisdiction pursuant to the criminal statutes identified by Kenyon. *See id.* at 1379 (stating that the Claims Court "has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code").

Furthermore, we agree that dismissal of Kenyon's "bad men" claims pursuant to the Fort Laramie Treaty was appropriate. The Claims Court dismissed these claims because "Kenyon ha[d] not exhausted his administrative remedies by filing a claim with the United States Department of the Interior." *Decision,* 127 Fed. Cl. at 774. Irrespective of whether filing such a claim is a jurisdictional requirement, a question we do not reach, dismissal for failure to exhaust administrative remedies is appropriate in this case.

The Supreme Court "long has acknowledged the general rule that parties exhaust prescribed administrative remedies before seeking relief from the federal courts." *McCarthy v. Madigan*, 503 U.S. 140, 144–45 (1992). The Fort Laramie Treaty clearly requires "proof" of a claim being "made to the agent and forwarded to the Commissioner of Indian Affairs at Washington City." Fort Laramie Treaty of 1868, art. I.[2] Kenyon does not dispute that he has not filed the required claim with the agency and has not argued that any exception to administrative exhaustion applies here. *See, e.g.*, *McCarthy*, 503 U.S. at 146–49 (summarizing judicial exceptions to administrative exhaustion). Thus, the Claims Court properly dis-

---

[2]    The treaty states, in relevant part:

> If bad men among the whites, or among other people subject to the authority of the United States, shall commit any wrong upon the person or property of the Indians, the United States will, *upon proof made to the agent and forwarded to the Commissioner of Indian Affairs at Washington City*, proceed at once to cause the offender to be arrested and punished according to the laws of the United States, and also re-imburse the injured person for the loss sustained. . . . And *the President*, on advising with the Commissioner of Indian Affairs, *shall prescribe such rules and regulations for ascertaining damages* under the provisions of this article as in his judgment may be proper. But no one sustaining loss while violating the provisions of this treaty or the laws of the United States shall be re-imbursed therefor.

Fort Laramie Treaty of 1868, art. I (emphases added).

missed his treaty claims for failure to exhaust administrative remedies.

Finally, we agree with the government that Kenyon waived any argument regarding an overlap between 42 U.S.C. § 1983 and 28 U.S.C. § 2255 and whether S.O.N.R.A. is punishment by raising those issues for the first time on appeal. Even where a party appears *pro se*, "[i]ssues not properly raised before the [trial] court are waived on appeal." *Stauffer v. Brooks Bros. Grp.*, 758 F.3d 1314, 1322 (Fed. Cir. 2014). Kenyon does not dispute in his Reply Brief that these are new arguments, nor does he explain why waiver of these arguments would result in a "miscarriage of justice" with respect to his claims. *See* Appellant's Reply Br. 4 (quoting *Mankes v. Vivid Seats, Ltd.*, 822 F.3d 1302, 1309 (Fed. Cir. 2016)). Kenyon has thus waived these arguments. Additionally, Kenyon's arguments regarding S.O.N.R.A.'s application to Victor C. Fourstar, Jr., who is not a party to this action, are not properly before this court.

## CONCLUSION

We have considered Kenyon's remaining arguments, but find them unpersuasive. For the foregoing reasons, we affirm the Claims Court's decision dismissing Kenyon's claims.

## **AFFIRMED**

### COSTS

No costs.