NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SADE MONE,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2018-2208

---

Appeal from the United States Court of Federal Claims in No. 1:17-cv-01819-PEC, Judge Patricia E. Campbell-Smith.

---

Decided: March 26, 2019

---

SADE MONE, Savannah, GA, pro se.

TANYA KOENIG, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by JOSEPH H. HUNT, TARA K. HOGAN, ROBERT EDWARD KIRSCHMAN, JR.

---

Before LOURIE, O'MALLEY, and REYNA, *Circuit Judges.*

PER CURIAM.

Sade Mone appeals from a decision of the United States Court of Federal Claims (the "Claims Court") dismissing her complaint for lack of subject matter jurisdiction and declining to transfer the case to district court. *Mone v. United States*, 138 Fed. Cl. 279 (2018). Because the Claims Court did not err in its dismissal and because any error in its analysis of the transferee court's jurisdiction was harmless, we *affirm*.

## BACKGROUND

Sade Mone, formerly known as Tabitha Robinson, filed a complaint in the Claims Court alleging that she was subjected to illegal housing conditions and illegal eviction proceedings by the Housing Authority of the City of Charleston ("CHA") while she was a resident at one of the city's housing projects. *See id.* at 280. CHA is a public housing agency created under state law. *See* S.C. Code Ann. § 31-3-310. The United States Department of Housing and Urban Development ("HUD") is a federal agency that provides annual contributions to help the public housing agencies maintain and operate low-income housing projects. *See* 42 U.S.C. § 1437 *et seq.*

Mone's complaint details the distressing living situation she experienced including (1) construction resulting in water damage; (2) the manager distributing "the master key to [her] unit so that random people could enter without [her] prior knowledge or consent"; (3) CHA employees giving "tenants permission to impose themselves, their friends, children, other relatives, companions, etc. upon [her]"; (4) offensive behaviors such as loitering, profanity, drug use and dealing, alcohol, loud music, and vandalism; (5) CHA instructing the police "not to file a police or incident report whenever a call came in" from her address; (6) CHA harassing her with "meritless" ejection proceedings that were unsuccessful; and (7) HUD's annual inspections in 2009, 2010, and 2011 resulting in a pass even

though there was "black mold" throughout the house and CHA's own inspection detailed that there was "mold covering every room of the unit including walls, windows, and attic." Complaint ¶ 4, *Mone v. United States*, 138 Fed. Cl. 279 (2018) (No. 17-1819C), ECF No. 1; J.A. 9–11 ("Complaint").

Because of these conditions, Mone sent a letter to HUD's Columbia Field Office on June 19, 2010 complaining about the conditions and CHA. *See* Plaintiff's Motion of Opposition, Ex. 2, *Mone v. United States*, 138 Fed. Cl. 279 (2018) (No. 17-1819C), ECF No. 12. According to Mone, she received no response. *See* Complaint ¶ 4. On November 16, 2011, Mone was evicted. Mone was then homeless for the next two years and her health declined. She had to be hospitalized multiple times and was diagnosed with several illnesses. During this time, she sent another letter on September 13, 2012—this time to HUD's Atlanta Regional Office—but again, she states that she received no response. *Id.*; *see* Plaintiff's Motion of Opposition, Ex. 3, *Mone v. United States*, 138 Fed. Cl. 279 (2018) (No. 17-1819C), ECF No. 12. On November 17, 2017, Mone filed her complaint at the Claims Court alleging that the "gross negligence of HUD employees who refused to respond to [her] complaints and falsified inspections" resulted in her "permanent health problems." Complaint ¶ 4. Mone requested $13.5 million in damages. *Id.* ¶ 5.

The Claims Court granted the government's motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction. The court concluded that it lacked jurisdiction because Mone's claims sounded in tort, which is expressly excluded from the court's jurisdiction under the Tucker Act. *See* 28 U.S.C. § 1491. The court then declined to transfer the case to another district court because it determined that Mone's tort claims were time-barred. *See* 28 U.S.C. § 2401(b). The court determined that her claim accrued on her eviction date of November 16, 2011. According to the court, the statute of limitations thus expired on

November 16, 2013 based on the two-year statute of limitations in § 2401(b).  Her complaint was not filed at the court until November 17, 2017, which was at least four years too late.  *See Mone*, 138 Fed. Cl. at 282.  Because her claims were time-barred, the court held that no district court could exercise jurisdiction and the case could not be properly transferred.  *See id.*  The Claims Court thus dismissed the complaint without prejudice.  *Id.*

Mone timely appealed.  We have jurisdiction under 28 U.S.C. § 1295(a)(3).

### DISCUSSION

We review *de novo* dismissals by the Claims Court for lack of jurisdiction.  *Frazer v. United States*, 288 F.3d 1347, 1351 (Fed. Cir. 2002).  We review for abuse of discretion a decision by the Claims Court concerning whether to dismiss or transfer a case to another court.  *See Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1342 (Fed. Cir. 2008).  "The underlying determination of whether the transferee court has jurisdiction over the claim is a question of law," which we review *de novo*.  *Id.* at 1342–43.

### I

Mone argues that the Claims Court erred by failing to address HUD's violation of its own regulations as well as her constitutional rights under the Due Process Clause of the Fifth Amendment, which states that no one shall be "deprived of life, liberty, or property without due process of law."  U.S. Const. amend. V.  According to Mone, while CHA's actions "were of tort, the actions of HUD were not."  Appellant's Br. 1.  She contends that the court erred by not addressing the implied contract she had with HUD through HUD regulations as defined in HUD's Title VIII "Fair Housing Complaint Process."  *Id.*

The government responds that the Claims Court did not fail to take into account any relevant facts.  The government contends that the court properly reviewed the

facts alleged in her complaint and found that all the claims sounded in tort, which that court lacks jurisdiction to consider. To the extent that Mone alleged a constitutional violation, the government also argues that the Claims Court lacks jurisdiction to hear claims under the Fifth Amendment's Due Process Clause. While the Claims Court did not address her implied contract claim, Mone never raised it before the court, and the government argues it is waived on appeal. Thus, according to the government, the court properly dismissed her complaint.

We agree with the government that the Claims Court properly concluded that it did not have jurisdiction to hear Mone's claims. The Tucker Act grants the Claims Court jurisdiction over claims against the United States "founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases *not sounding in tort*." 28 U.S.C. § 1491(a)(1) (emphasis added). The Tucker Act is "only a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages." *United States v. Testan*, 424 U.S. 392, 398 (1976). "Instead, to invoke jurisdiction under the Tucker Act, a plaintiff must identify a contractual relationship, constitutional provision, statute, or regulation that provides a substantive right to money damages." *Khan v. United States*, 201 F.3d 1375, 1377 (Fed. Cir. 2000).

Mone's allegations against HUD are based on its asserted negligence in failing to address her housing problems and falsified inspections. Both the negligence and fraud claims sound in tort, which the Claims Court does not have jurisdiction to hear. *See* § 1491(a)(1). Mone's claims may be read to arise under the Federal Tort Claims Act ("FTCA"), *see Mone*, 138 Fed. Cl. at 281, and Congress has provided that "the district courts" have "exclusive jurisdiction" over those claims, 28 U.S.C. § 1346(b)(1). The Claims Court also lacks jurisdiction to hear claims alleging

a violation of the Due Process Clause of the Fifth Amendment because it does not mandate payment of money by the government. *See LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995). We therefore agree that the Claims Court correctly determined that it lacks subject matter jurisdiction over Mone's claims.

## II

We also conclude that the Claims Court did not abuse its discretion in deciding not to transfer the case to a district court. Under 28 U.S.C. § 1631,

> [w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed or noticed . . . .

*Id.* We have interpreted § 1631 to require satisfaction by a transferring court that a "transferee court has jurisdiction to hear the case" before transferring it. *See Jan's Helicopter Serv., Inc. v. FAA*, 525 F.3d 1299, 1304 (Fed. Cir. 2008) (quoting *Gonzales & Gonzales Bonds & Ins. Agency, Inc. v. Dep't of Homeland Sec.*, 490 F.3d 940, 944 (Fed. Cir. 2007)). The Claims Court purported to do so here and determined that there was no court in which the claims could have been filed because the FTCA claims were time-barred under 28 U.S.C. § 2401(b),[1] and, based on that finding, decided not to transfer the case. *Cf. Robleto v. United States*, 634 F. App'x 306, 308 (Fed. Cir. 2015) (concluding that because

---

[1]    We note the Supreme Court has held that the statute of limitations for complaints filed in the Claims Court under § 2501 is jurisdictional; however, the time limits of § 2401(b) are not. *Compare John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 133–34 (2008), *with United States v. Wong*, 135 S. Ct. 1625, 1632–34 (2015).

the claim was time-barred, dismissal instead of transfer of case was proper even though § 2401(b) is not jurisdictional).

Under § 2401(b),

[a] tort claim against the United States shall be forever barred *unless it is presented* in writing to the appropriate Federal agency *within two years* after such claim accrues or *unless action is begun within six months* after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

*Id.* (emphases added). Although written using the disjunctive, this provision, as interpreted by several of our sister courts of appeals, requires that the claimant both present the claim to the appropriate agency within two years after accrual of the claim *and* file a complaint in district court within six months after the agency finally denies the claim.[2] The Claims Court thus erred in interpreting

---

[2] *See, e.g.*, *Sconiers v. United States*, 896 F.3d 595, 599 (3d Cir. 2018) (collecting cases); *Sanchez v. United States*, 740 F.3d 47, 50 n.6 (1st Cir. 2014) ("We read this disjunctive language [of § 2401(b)] as setting out two deadlines, both (not just either) of which must be satisfied."); *Ellison v. United States*, 531 F.3d 359, 362 (6th Cir. 2008) (holding that both deadlines must be satisfied); *Phillips v. United States*, 260 F.3d 1316, 1317 (11th Cir. 2001) ("It is undisputed that under section 2401(b), a tort claim must be presented to the appropriate federal agency within two years after the claim accrues *and* the lawsuit must be commenced within six months after the receipt of a final agency decision."); *Houston v. U.S. Postal Serv.*, 823 F.2d 896, 902 (5th Cir. 1987) ("Though phrased in the disjunctive, this statute requires a claimant to file an administrative claim

§ 2401(b) to require filing a complaint within two years af-
ter such claim accrues; the statute, as generally inter-
preted, requires *presentment to an agency* "within two
years after such claim accrues" *and* filing a complaint
"within six months after . . . final denial of the claim by the
agency to which it was presented." § 2401(b).

Applying that interpretation of § 2401(b), and assum-
ing *arguendo* that the Claims Court properly found that
the date of accrual was the eviction date of November 16,
2011, the statute requires Mone to have presented her
claim to the appropriate agency by November 16, 2013.
Mone alleged that she "sent two letters intended to serve
as formal complaints to HUD" dated June 19, 2010 and
September 13, 2012. *Mone*, 138 Fed. Cl. at 282. It is un-
clear from the current record that HUD ever received these
letters or that the letters otherwise constitute proper pre-
sentment of Mone's claims to HUD. If it were clear that
Mone properly presented her claims, then she may have
satisfied the first requirement under § 2401(b), because

----

within two years and file suit within six months of its de-
nial."); *Dyniewicz v. United States*, 742 F.2d 484, 485 (9th
Cir. 1984) ("Under the Federal Tort Claims Act a claim
must be filed with the appropriate federal agency within
two years of its accrual and suit must be commenced within
six months of the agency's denial of the claim.") (Kennedy,
J.); *Willis v. United States*, 719 F.2d 608, 612–13 (2d Cir.
1983) (considering the legislative history and concluding
that § 2401(b) requires that both deadlines must be met);
*Schuler v. United States*, 628 F.2d 199, 201 (D.C. Cir. 1980)
(en banc) (per curiam) ("Though the section is not happily
drafted, common sense and the legislative history tell us
that it requires the claimant both to file the claim with the
agency within two years after accrual of the claim and then
to file a complaint in the District Court within six months
after the agency denies the claim.").

Mone sent the letters before the two-year statute of limitations expired on November 16, 2013.

She also may have satisfied the second requirement under § 2401(b). After receiving a final denial from the agency, a claimant has six months to file a complaint in district court. *See* § 2401(b). Mone alleges that she never received a response from the agency regarding her claims. *See* Complaint ¶ 4. The FTCA provides that "[t]he failure of an agency to make final disposition of a claim within six months after it is filed shall, *at the option of the claimant any time thereafter, be deemed a final denial of the claim* for purposes of this section." 28 U.S.C. § 2675(a) (emphasis added). This provision requires that Mone have waited at least six months after presentment before she may deem her claim denied and file a complaint, if she so chose. *See id.* Mone did wait the requisite six months, and, in fact, waited more than five years after she sent her second letter before filing her complaint at the Claims Court. Thus, assuming that Mone met the jurisdictional requirements of the FTCA, which we discuss next, her claim may not have been time-barred under § 2401(b).

## III

While § 2401(b) governs the timing for filing an FTCA claim, § 2675(a) provides the jurisdictional requirement that claimants must exhaust their administrative remedies prior to filing an FTCA claim. *See McNeil v. United States*, 508 U.S. 106, 111 (1993); *see also see Canuto v. United States*, 615 F. App'x 951, 953 (Fed. Cir. 2015). Under § 2675(a), tort claims against the United States "shall not be instituted . . . *for money damages* . . . unless the claimant shall have *first presented the claim* to the appropriate Federal agency and his claim shall have been *finally denied* by the agency in writing and sent by certified or registered mail." § 2675(a) (emphases added). Congress has thus prescribed two requirements for a claimant to exhaust

her administrative remedies. First, the claimant must present a claim for money damages to the appropriate agency (the "presentment requirement"). *Id.* Second, the claimant must receive a final denial from the agency (the "final denial requirement"). *Id.* Because Mone alleges that she never received a response from HUD, she had the option to treat the lack of response as a deemed denial, as we have previously discussed. *See supra* at 9. Therefore, Mone may have met the second requirement—the final denial requirement.

To satisfy the first requirement, though, the presentment requirement, the action against the government must be "for money damages" that the claimant shall "have first presented . . . to the appropriate Federal agency." § 2675(a). That requires the claimant to notify the agency of the claim and request money damages, usually in a sum certain.[3] But, as noted above, the current record is inadequate. There is no evidence supporting a finding that Mone

---

[3]     *See Barber v. United States*, 642 F. App'x 411, 414 (5th Cir. 2016); *White-Squire v. U.S. Postal Serv.*, 592 F.3d 453, 457–58 (3d Cir. 2010); *Medina v. City of Phila.*, 219 F. App'x 169, 172 (3d Cir. 2007); *Dalrymple v. United States*, 460 F.3d 1318, 1324–25 (11th Cir. 2006); *Blair v. IRS*, 304 F.3d 861, 864 (9th Cir. 2002); *see also* 24 C.F.R. § 17.2(a) ("[A] claim shall be deemed to have been presented when the Department receives . . . an executed Claim for Damages or Injury, Standard Form 95, or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, for personal injury, or for death alleged to have occurred by reason of the incident."); 28 C.F.R. § 14.2(a) ("A claim shall be deemed to have been presented when a Federal agency receives from a claimant . . . written notification of an incident, accompanied by a claim for money damages in a sum certain . . . .").

requested money damages, nor is there evidence showing that HUD received the letters she sent. Section 1631 requires satisfaction by a transferring court that a transferee court has jurisdiction to hear a case before transferring it. *See Jan's Helicopter Serv.*, 525 F.3d at 1304. Because the current record does not contain sufficient facts supporting presentment, we cannot be satisfied that the transferee court would have jurisdiction under § 2675(a) and that her FTCA action was timely under § 2401(b). Therefore, the Claims Court did not abuse its discretion in deciding not to transfer the case.

As a result, although the Claims Court erred in its use and interpretation of § 2401(b), the error was harmless. Moreover, because the Claims Court dismissed the complaint *without prejudice*, Mone is not left without recourse. Mone may bring suit on the same issues in district court. Indeed, a district court would be well-equipped to assess its own jurisdiction. It could, for instance, order jurisdictional discovery to determine if Mone satisfied the presentment requirement under § 2675(a). If jurisdictional discovery reveals that the letters constitute proper presentment, then the district court may find that Mone satisfied the two-year statute of limitations under § 2401(b). The district court may also confirm through additional discovery that because Mone never received a response from HUD, she had the option of treating the lack of response as a deemed denial and timely filed her complaint within the six-month statute of limitations under § 2401(b). Even if it disagrees, the district court may equitably toll the requirements because § 2401(b) is not jurisdictional. Thus, the Claims Court's error in its use and interpretation of § 2401(b) did not "affect the substantial rights" of Mone and was therefore harmless error. *See* 28 U.S.C. § 2111.

IV

Lastly, Mone argues that the Claims Court failed to consider her claim that HUD breached an implied contract.

Mone argues that she alleged an implied contract claim in her complaint.  *See* Appellant's Br. 1.  The government responds that Mone waived this argument for not raising it before the Claims Court.  We hold *pro se* litigants to "less stringent standards than formal pleadings drafted by lawyers."  *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).  However, even with the leniency afforded to *pro se* litigants, issues not raised before the Claims Court are waived on appeal.  *See Soliman v. United States*, 724 F. App'x 936, 941 (Fed. Cir. 2018); *Maxberry v. United States*, 722 F. App'x 997, 999–1000 (Fed. Cir. 2018); *Kenyon v. United States*, 683 F. App'x 945, 949 (Fed. Cir. 2017); *see also San Carlos Apache Tribe v. United States*, 639 F.3d 1346, 1354–55 (Fed. Cir. 2011) (stating that arguments not raised before the Claims Court are "waived on appeal").  Because Mone did not raise the implied contract claim before the Claims Court, that argument is waived.

## CONCLUSION

We have considered Mone's remaining arguments and find them unpersuasive.  For the foregoing reasons, we *affirm* the Claims Court's decision dismissing Mone's complaint and declining to transfer the case to district court.

## **AFFIRMED**

## COSTS

No costs.