# In the United States Court of Federal Claims

No. 21-996C

(Filed: June 10, 2021)

**NOT FOR PUBLICATION**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| DAVID BRIAN MORGAN, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | * |
| THE UNITED STATES, | * |
| | * |
| Defendant. | * |
| | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## OPINION AND ORDER

Pro se plaintiff David Brian Morgan challenges his allegedly unjust imprisonment by the State of Oklahoma. Compl. at 1 (ECF 1). Defendant's motion to dismiss for lack of subject-matter jurisdiction is ripe for decision.[1] Because Mr. Morgan seeks relief this Court may not grant, based on sources of law that do not confer rights he can assert here, the Court does not have jurisdiction. Accordingly, the motion to dismiss is **GRANTED**.

## DISCUSSION

Mr. Morgan is serving a life sentence in Oklahoma state prison after being convicted of several state-law crimes. Compl. at 1; *Morgan v. Oklahoma*, 814 F. App'x 353, 354 (10th Cir. 2020). His repeated petitions for writs of habeas corpus have been denied. *See Morgan v. Pettigrew*, No. CIV-20-932-F, 2020 WL 7416933, at *2 (W.D. Okla. Nov. 23, 2020), *report and recommendation adopted*, No. CIV-20-932-R, 2020 WL 7410103 (W.D. Okla. Dec. 17, 2020). He now asks this Court to (1) "credit all time served," (2) "waive all fees and encumbrances owed," (3) grant "complete immunity" from further prosecution, and (4) discharge him from state custody. Compl. at 8. He also appears to request criminal charges against state officials and relief for a class of similarly situated Oklahoma prison inmates. Pl.'s Resp. at 6.

This Court's subject-matter jurisdiction — its authority to pass judgment on the cases before it — is limited to specific types of claims against the federal government, most commonly claims for money as provided by the Tucker Act. *See, e.g.*, 28 U.S.C. § 1491(a)(1); *see also Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) ("The Court of Federal Claims is a court of limited jurisdiction."). Perhaps

---

[1] *See* Def.'s Mot. to Dismiss (ECF 10); Pl.'s Resp. (ECF 14); Def.'s Reply (ECF 15).

confusingly for pro se litigants, it is not a forum for "federal claims" generally. Claims outside the Court's jurisdiction must be dismissed. RCFC 12(h)(3). The matters Mr. Morgan's complaint raises are not among the subjects this Court may address.[2]

First, Mr. Morgan's claims amount to a collateral attack on his state-court convictions. State prisoners may pursue such claims in federal district court by seeking writs of habeas corpus, as Mr. Morgan has done several times. *See* 28 U.S.C. § 2254. But this Court, in contrast, cannot grant habeas relief. *Ledford v. United States*, 297 F.3d 1378, 1381 (Fed. Cir. 2002) (explaining that the Court of Federal Claims was not one of the courts authorized by statute to grant habeas relief); *see also Rolle v. United States*, 752 F. App'x 1005, 1006–07 (Fed. Cir. 2018) (similar).

Relatedly, this Court also may not "review any of the judgments of the [Oklahoma] state and federal courts with respect to [Mr. Morgan's] criminal case[.]" *Jones v. United States*, 440 F. App'x 916, 918 (Fed. Cir. 2011); *see also Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994) ("[T]he Court of Federal Claims does not have jurisdiction to review the decisions of district courts or the clerks of district courts relating to proceedings before those courts."). That means this Court cannot consider Mr. Morgan's objections to the federal district court's denial of his habeas petitions. He must press those arguments, if at all, on appeal to the U.S. Court of Appeals for the Tenth Circuit.

Second, even if Mr. Morgan sought relief within this Court's power to provide, he is a *state* prisoner, and his claims are directed ultimately at Oklahoma state officers and entities. The United States, however, is "the *only* proper defendant for any matter before this court[.]" *See Stephenson v. United States*, 58 Fed. Cl. 186, 190 (2003). The complaint gives no reason why Mr. Morgan should be entitled to relief against the United States. At most, Mr. Morgan alleges that the district court erred in denying his habeas petitions — claims that this Court, again, has no power to hear. *See Joshua*, 17 F.3d at 380.

Third, none of the sources of law Mr. Morgan mentions create jurisdiction in this Court. Claims in this Court generally must be based on a "money-mandating" law, *i.e.*, a law that "can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained[.]" *Jan's Helicopter Serv., Inc. v. F.A.A.*, 525 F.3d 1299, 1307 (Fed. Cir. 2008) (quoting *United States v. Mitchell*, 463 U.S. 206, 217 (1983)). This Court "has no jurisdiction over criminal matters," *see Jones*, 440 F. App'x at 918, or over claims sounding in tort, *see* 28 U.S.C. § 1491(a)(1).

---

[2] "In determining jurisdiction, a court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (citing *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995)). "Although a pro se plaintiff's complaint is held to a less stringent standard than those prepared by counsel, … pro se litigants are not excused from meeting jurisdictional requirements." *Spengler v. United States*, 688 F. App'x 917, 920 (Fed. Cir. 2017) (citations omitted) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987)).

The laws Mr. Morgan relies upon fail that test. The Major Crimes Act, 18 U.S.C. § 1153(a), and the federal kidnapping statute, 18 U.S.C. § 1201, do not appear to be money-mandating, and Mr. Morgan's claims based on those statutes sound in tort or federal criminal law. *Cf. Kenyon v. United States*, 127 Fed. Cl. 767, 774 (2016) (dismissing Major Crimes Act claims as based on criminal law), *aff'd*, 683 F. App'x 945 (Fed. Cir. 2017). None of the constitutional provisions Mr. Morgan mentions appears to be money-mandating either. Binding or persuasive precedent, in fact, forecloses interpreting most (if not all) of them as money-mandating. *See United States v. Connolly*, 716 F.2d 882, 887 (Fed. Cir. 1983) (First Amendment); *Seely v. United States*, No. 15-786C, 2015 WL 7432747, at *3 (Fed. Cl. Nov. 23, 2015) (Grand Jury Clause); *James v. Caldera*, 159 F.3d 573, 581 (Fed. Cir. 1998) (Double Jeopardy Clause); *Omran v. United States*, 629 F. App'x 1005, 1008 (Fed. Cir. 2015) (Sixth Amendment); *Alston-Bullock v. United States*, 122 Fed. Cl. 38, 44 (2015) (same); *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (Due Process and Equal Protection Clauses); *McCullough v. United States*, 76 Fed. Cl. 1, 4 (2006) (same); *Wall v. United States*, 141 Fed. Cl. 585, 598 (2019) (Privileges or Immunities Clause); *Trafny v. United States*, 503 F.3d 1339, 1340 (Fed. Cir. 2007) (Eighth Amendment). No other basis for jurisdiction over any of Mr. Morgan's claims appears to exist.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED**. Mr. Morgan's complaint is **DISMISSED**, without prejudice, for lack of jurisdiction. *See Aerolineas Argentinas v. United States*, 77 F.3d 1564, 1572 (Fed. Cir. 1996) ("[I]n the absence of subject matter jurisdiction there can be no preclusive findings or conclusions on the merits, and dismissal for lack of jurisdiction is without prejudice."). Plaintiff's "Motion to Remit to the Court" (ECF 9), requests for counsel (*e.g.*, ECF 17), and motion for leave to file sur-replies (ECF 20) are, accordingly, **DENIED AS MOOT**.

The Clerk is directed to enter judgment accordingly.


**IT IS SO ORDERED.**

s/ Stephen S. Schwartz
STEPHEN S. SCHWARTZ
Judge