NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MOHAMMED AHMED HASSAN OMRAN,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2015-5124

---

Appeal from the United States Court of Federal Claims in No. 1:15-cv-00186-PEC, Chief Judge Patricia E. Campbell-Smith.

---

Decided: December 11, 2015

---

MOHAMMED AHMED HASSAN OMRAN, Trout, LA, pro se.

ROBERT C. BIGLER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., DONALD E. KINNER.

---

Before REYNA, MAYER, and CHEN, *Circuit Judges.*

PER CURIAM.

Mohammed Ahmed Hassan Omran *pro se* appeals the United States Court of Federal Claims dismissal of his claims against the United States and denial of his motion for appointment of counsel. Because the Court of Federal Claims correctly held that it lacked subject matter jurisdiction over Mr. Omran's claims, we affirm. Additionally, we affirm the Court of Federal Claims' decision not to appoint counsel for Mr. Omran.

## BACKGROUND

Mr. Omran seeks compensation in the Court of Federal Claims for alleged violations of his rights during his arrest, trial, and conviction for immigration offenses. In 2012 he was arrested and indicted for falsely claiming to be a United States citizen. Mr. Omran alleges that Immigration and Customs Enforcement officers conducted an illegal search and seizure of his home and possessions in violation of the Fourth Amendment. During the ensuing proceedings, his counsel filed a motion to dismiss the case allegedly against Mr. Omran's instructions in violation of his right to effective assistance of counsel under the Sixth Amendment. Mr. Omran did not prevail at the Immigration Court and was granted voluntary departure, but he did not depart.

Mr. Omran was rearrested and indicted for failing to depart the United States. He was tried and, on February 5, 2015, convicted in the United States District Court for the Western District of Louisiana. Mr. Omran alleges that he was denied the right to call witnesses in his own defense at trial in violation of the Sixth Amendment.

On February 26, 2015, Mr. Omran then filed a complaint with the Court of Federal Claims. He subsequently filed three motions requesting (1) to proceed *in forma pauperis*, (2) a jury trial, and (3) appointment of counsel.

On April 27 the United States moved to dismiss his claims for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the U.S. Court of Federal Claims.

In the criminal proceedings in the Western District of Louisiana, Mr. Omran was sentenced to six months imprisonment on May 11, 2015. He has appealed that case to the United States Court of Appeals for the Fifth Circuit. *See United States v. Mohamed Omran*, No. 15-30461 (5th Cir.). That appeal proceeds separately.

In the Court of Federal Claims, Chief Judge Campbell-Smith issued a thorough Opinion and Order on June 30, 2015 granting the United States' motion to dismiss all of Mr. Omran's claims and denying his motion for appointment of counsel. Mr. Omran appealed those two decisions. The Opinion and Order also granted Mr. Omran's motions to proceed *in forma pauperis* and denied his motion for a jury trial. These further decisions were not appealed.

## DISCUSSION

This Court reviews de novo questions of statutory interpretation within its exclusive jurisdiction. *Strickland v. United States*, 199 F.3d 1310, 1313 (Fed. Cir. 1999). This applies to both questions of subject matter jurisdiction and appointment of counsel in the Court of Federal Claims. *Mudge v. United States*, 308 F.3d 1220, 1224 (Fed. Cir. 2002); *see Lariscey v. United States*, 861 F.2d 1267, 1270 (Fed. Cir. 1988). Although we afford *pro se* plaintiffs leniency for mere formalities, we cannot waive or overlook jurisdictional requirements. *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987).

On appeal Mr. Omran argues that his Sixth Amendment rights were violated because he was denied his right to use compulsory process to obtain witnesses in his favor. He asserts that the Tucker Act provides jurisdiction for

this claim because it arises under the Constitution. Regarding the appointment of counsel, Mr. Omran argues that his incarceration, and resulting lack of access to legal books and the courts, create an exceptional circumstance necessitating the appointment of counsel.

The government's response largely tracks the underlying Court of Federal Claims Opinion and Order. Both correctly explain that the Tucker Act, specifically 28 U.S.C. § 1491(a)(1), is merely a jurisdictional statute that does not itself create causes of action or the right to monetary relief. To invoke the Court of Federal Claims' jurisdiction, a claim must be one that is created by a provision allowing recovery of money damages. *United States v. Testan*, 424 U.S. 392, 398, 96 S. Ct. 948, 953 (1976). The Sixth Amendment does not itself create a right to recover money damages, and Mr. Omran has pointed to no money mandating provision as the basis for his complaint. Even if his claim is considered as a monetary claim based on unjust conviction, Mr. Omran has not pleaded or shown that "[h]is conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted," etc., as required by 28 U.S.C. § 2513.

While Mr. Omran does not address in his informal brief the other constitutional amendments and statutes listed in his complaint, we have considered these potential bases for jurisdiction as well. We agree with the Court of Federal Claims' analysis regarding these additional grounds, and we do not repeat that analysis here. The Court of Federal Claims correctly found that it lacks jurisdiction over Mr. Omran's claims.

Regarding appointment of counsel, the government again echoes the Court of Federal Claims Opinion and Order that appointment is unnecessary because there is no jurisdiction. We agree. Here, as we have done before, we consider this question in light of the Supreme Court's

guidance. *Lariscey*, 861 F.2d at 1270 (Fed. Cir. 1988) (citing *Lassiter v. Department of Social Servs.*, 452 U.S. 18, 101 S. Ct. 2153 (1981)). To the extent Mr. Omran seeks to use a suit in the Court of Federal Claims to challenge his conviction, the Court of Federal Claims lacks jurisdiction to hear it, as affirmed above. Even if there were other potential claims that Mr. Omran might present in the Court of Federal Claims, only a monetary claim against the government would be at issue. *See* 28 U.S.C. § 1491; *United States v. Mitchell*, 463 U.S. 206, 217, 103 S. Ct. 2961, 2968 (1983). With only monetary compensation potentially at stake, there is no private interest, government interest or risk of erroneous decision here strong enough to overcome "the presumption that there is a right to appointed counsel only where the indigent, if he is unsuccessful, may lose his personal freedom." *Lassiter*, 452 U.S. at 27. Given Mr. Omran's lack of a right to appointment of counsel and the proper dismissal of the claims he did bring, we find no error in the Court of Federal Claims' denial of Mr. Omran's motion for appointment of counsel.

## CONCLUSION

For these reasons, we *affirm* the United States Court of Federal Claims' dismissal of Mr. Omran's claims and denial of his motion for appointment of counsel.

## **AFFIRMED**

### COSTS

Each party shall bear its own costs.