NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RICHARD LOUIS BUTLER, JR.,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2022-1535

---

Appeal from the United States Court of Federal Claims in No. 1:21-cv-02024-CFL, Senior Judge Charles F. Lettow.

---

**ON MOTION**

---

PER CURIAM.

## O R D E R

Richard Louis Butler, Jr., appeals from the judgment of the United States Court of Federal Claims dismissing his complaint for lack of jurisdiction. He also moves for leave to proceed *in forma pauperis*, appointment of counsel, and a temporary restraining order. We summarily affirm.

Mr. Butler filed a complaint at the Court of Federal Claims seeking compensation against "the entire African

[i]mmigrant community employed by the Texas Department of Criminal Justice prison system." *See* ECF No. 1-2 at 7. On December 14, 2021, the Court of Federal Claims denied Mr. Butler's motion to appoint counsel, concluding that he had not presented claims that permit civil legal assistance to be appointed by the court. And on January 24, 2022, the Court of Federal Claims granted the government's motion to dismiss for lack of subject matter jurisdiction. This appeal followed.

We conclude that summary affirmance is appropriate here because the merits of the parties' positions are so clear as to warrant summary action. *See Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994). The Court of Federal Claims was clearly correct that it lacked jurisdiction to render judgment on Mr. Butler's claims against employees of a state prison. *See United States v. Sherwood,* 312 U.S. 584, 588 (1941) (holding Court of Federal Claims may only hear claims against the United States). Given that conclusion, there was no error to deny Mr. Butler's request to appoint him counsel. *See Omran v. United States*, 629 F. App'x 1005, 1008 (Fed. Cir. 2015).

Accordingly,

IT IS ORDERED THAT:

(1)  The judgment of the United States Court of Federal Claims is affirmed.

(2)  All pending motions are denied as moot.

(3)  Each side shall bear its own costs.

FOR THE COURT

April 22, 2022                               /s/ Peter R. Marksteiner
    Date                                        Peter R. Marksteiner
                                                   Clerk of Court