NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SOMONA LOFTON,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2023-1175

---

Appeal from the United States Court of Federal Claims in No. 1:22-cv-00782-CFL, Senior Judge Charles F. Lettow.

---

Decided: May 3, 2023

---

SOMONA MARIE LOFTON, Fairfield, CA, pro se.

JOSHUA A. MANDLEBAUM, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by BRIAN M. BOYNTON, PATRICIA M. MCCARTHY, DOUGLAS K. MICKLE.

---

Before TARANTO, CHEN, and STOLL, *Circuit Judges*.

PER CURIAM.

Somona Lofton sued the United States in the U.S. Court of Federal Claims (Claims Court), seeking an award of two million dollars and other judicial action (including imprisonment of the California Governor and other persons). Ms. Lofton alleged that several federal agencies, along with federal and state officials, "use[d] [her] for an illegal human experiment" in violation of several federal constitutional and statutory provisions, a federal regulation, and a California state statute. SAppx. 4. The United States moved to dismiss for lack of jurisdiction, but Ms. Lofton never filed a response. Eleven days after the deadline to respond had passed, the Claims Court sua sponte dismissed the case for failure to prosecute under Claims Court Rule 41(b). Ms. Lofton appeals that dismissal. Because we conclude that the Claims Court lacked jurisdiction, we affirm the Claims Court's dismissal.

I

On July 19, 2022, Ms. Lofton, proceeding pro se, sued the United States in the Claims Court, alleging that several federal agencies, Congress, the Supreme Court, and the Claims Court violated the following: the First, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution; 18 U.S.C. § 242 (a criminal statute prohibiting the deprivation of any person's constitutional rights under color of state or territorial law); 18 U.S.C. § 2071(a) (a criminal statute prohibiting the destruction or removal of public records); 50 U.S.C. § 1520a (a statute generally prohibiting the Secretary of Defense from testing chemical agents on civilian populations); and 49 C.F.R. § 801.56 (a National Transportation Safety Board regulation exempting, under certain circumstances, personal or medical files from public disclosure under the Freedom of Information Act (FOIA), 5 U.S.C. § 552)—the violations committed by "invading [her] privacy," "follow[ing] [her] everywhere," "tortur[ing] [her] by using [her] accounts for fraud,"

"communicat[ing] to [her] using ultrasonic audio," "spray[ing] [her] with chemicals," and "us[ing] her for an illegal human experiment." SAppx. 3–6, 12.[1]

Ms. Lofton also alleged that California state officials violated 18 U.S.C. § 371 (a criminal statute prohibiting conspiring to defraud or to commit any offense against the United States) by using "electronic devices to . . . defraud Government funds" and by bribing "U.S. citizen[s] to tamper with witness[es] and victims." SAppx. 1. She further alleged that those state officials violated California Education Code § 48900 (a California state statute listing the grounds for suspension or expulsion of a student) by "kick[ing]" her second-grade son "out of school." SAppx. 11.

Finally, Ms. Lofton alleged that federal and state officials did not adequately address the purported wrongdoings after she reported them. Specifically, Ms. Lofton said, "Gavin Newsom . . . used his relationship with the Judges, clerks and Joe Biden [and] Kamala Harris[]" to "delete footage from the Old Solano Courthouse to protect the employees who destroyed [her] case," SAppx. 12; *see also* SAppx. 13, 18, possibly referring to complaints that Ms. Lofton

---

[1] Ms. Lofton subsequently filed two more actions not addressed in the present opinion. One is case no. 22-1335 in the Claims Court, which appears to have been dismissed. *See Lofton v. United States*, No. 1:22-cv-1335-AOB (Fed. Cl.), ECF No. 1 (Complaint), ECF No. 14 (Order of Dismissal). Ms. Lofton's appeal in that matter is separately pending in this court. *Lofton v. United States*, No. 2023-1181 (Fed. Cir.). The second is case no. 21-1348 in the Claims Court, which also appears to have been dismissed. *See Lofton v. United States*, No. 1:21-cv-01348-MBH (Fed. Cl.), ECF No. 1 (Complaint), ECF No. 6 (Order of Dismissal). Ms. Lofton's appeal in that matter is separately pending in this court. *See Lofton v. United States*, No. 2023-1632 (Fed. Cir.).

filed in California state court, *see generally Lofton v. United States*, No. 1:22-cv-00782-CFL (Fed. Cl. July 19, 2022), ECF No. 1-1 (attaching the state court filings). And Ms. Lofton alleged that the judges and clerks of the Claims Court "are paid to cover for the president, vice president and governor Gavin Newsom," SAppx. 14, and that the state officials directed the Claims Court to "reject [her] claim," SAppx. 9.

As relief, Ms. Lofton requested two million dollars—$500,000 in "[p]unitive damages" for each year that Gavin Newsom has served as governor of California—and life imprisonment for the alleged wrongdoers. SAppx. 30.

On September 15, 2022, the United States moved to dismiss Ms. Lofton's complaint under Claims Court Rule 12(b)(1) for lack of subject-matter jurisdiction. Ms. Lofton's response was due on October 17, 2022 (based on an extension of the original deadline of October 13). Having received no response to the government's motion by the due date, the Claims Court, on October 28, 2022, dismissed Ms. Lofton's complaint under Claims Court Rule 41(b)—which allows the Claims Court to "dismiss [an action] on its own motion" "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order"—and entered final judgment on the same day. Ms. Lofton timely filed a notice of appeal on November 14, 2022, within the 60 days allowed by 28 U.S.C. § 2107(b). We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## II

On appeal, Ms. Lofton and the government only briefly contest the propriety of the Claims Court's dismissal under Rule 41(b). *See* Ms. Lofton's Informal Opening Br. at 1; United States' Informal Response Br. at 9. Rather, before us, the parties principally dispute whether the Claims Court had subject-matter jurisdiction over the case. *See* Ms. Lofton's Informal Opening Br. at 1–3; United States' Informal Response Br. at 9–18. Because we conclude that

the Claims Court lacked subject-matter jurisdiction over Ms. Lofton's claims, we need not and do not decide whether all the requirements of Rule 41(b) were met.

### A

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by [the] Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375, 377 (1994)). Consequently, "every federal appellate court has a special obligation to 'satisfy itself not only of its own jurisdiction, but also that of the lower courts in a cause under review.'" *Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986) (quoting *Mitchell v. Maurer*, 293 U.S. 237, 244 (1934)); *see Corus Group PLC v. International Trade Commission*, 352 F.3d 1351, 1357 (Fed. Cir. 2003); 13 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 3522 (3d ed. updated Apr. 2023).

We decide de novo whether the Claims Court had subject-matter jurisdiction over Ms. Lofton's claims. *See Petro-Hunt, L.L.C. v. United States*, 862 F.3d 1370, 1378 (Fed. Cir. 2017) (citing *Fidelity & Guaranty Insurance Underwriters, Inc. v. United States*, 805 F.3d 1082, 1087 (Fed. Cir. 2015)). Although we interpret pro se plaintiffs' complaints liberally, *see Estelle v. Gamble*, 429 U.S. 97, 106 (1976), Ms. Lofton still bears the burden of establishing the Claims Court's jurisdiction, *see Brandt v. United States*, 710 F.3d 1369, 1373 (Fed. Cir. 2013) (citing *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)).

The Claims Court may not entertain a monetary claim against the United States unless the United States has consented to that suit—*i.e.*, has waived its sovereign immunity. *See, e.g.*, *United States v. King*, 395 U.S. 1, 4 (1969); *see also United States v. Bormes*, 568 U.S. 6, 9–10 (2012); *United States v. Sherwood*, 312 U.S. 584, 586–87 (1941). The Tucker Act is one such waiver. *United States*

*v. Mitchell*, 463 U.S. 206, 212 (1983). It grants the Claims Court jurisdiction only over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1).

"The Tucker Act itself," however, "does not create a substantive cause of action." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (citing *Mitchell*, 463 U.S. at 216; *United States v. Testan*, 424 U.S. 392, 398 (1976)). Instead, to invoke the Claims Court's jurisdiction under the Tucker Act, the "plaintiff must identify a separate source of substantive law that creates the right to money damages"—*i.e.*, a "money-mandating" law. *Id.* (citing *Mitchell*, 463 U.S. at 216–17; *Testan*, 424 U.S. at 398). At the pleading stage, a substantive law is money mandating if the plaintiff makes "a non-frivolous allegation," *id.*, that the law "can fairly be interpreted as mandating compensation by the [United States]," *United States v. Navajo Nation*, 556 U.S. 287, 290 (2009) (quoting *Testan*, 424 U.S. at 400); *see Maine Community Health Options v. United States*, 140 S. Ct. 1308, 1327–28 (2020).

B

Ms. Lofton did not plead any qualifying money-mandating source of substantive law. Ms. Lofton's invocation of 18 U.S.C. §§ 242, 371, and 2071(a), which are only criminal statutes, not money-mandating statutes, is insufficient because the Claims Court does not have jurisdiction to hear criminal matters. *See Joshua v. United States*, 17 F.3d 378, 379–80 (Fed. Cir. 1994). To the extent that Ms. Lofton refers to those criminal statutes in an attempt to allege tort claims, the allegations fail because the Claims Court lacks jurisdiction to hear tort claims. *See Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) ("[The Claims Court] lacks jurisdiction over tort actions against

the United States." (citing 28 U.S.C. § 1491(a)(1); *Keene Corp v. United States*, 508 U.S. 200, 214 (1993))).

Ms. Lofton's complaint also cites 50 U.S.C. § 1520a, a statute that generally prohibits the Secretary of Defense from conducting "any test or experiment involving the use of a chemical agent or biological agent on a civilian population," *id.* § 1520a(a)(1); 49 C.F.R. § 801.56, a regulation of the National Transportation Safety Board that exempts personal or medical files from public disclosure under the FOIA, 5 U.S.C. § 552, "if [the files'] disclosure would harm the individual concerned or would be a clearly unwarranted invasion of the person's personal privacy"; and California Education Code § 48900, a state statute listing the circumstances under which a student may be "suspended from school or recommended for expulsion." None of those provisions can fairly be read to mandate compensation by the United States. In addition, "[c]laims founded on state law are . . . outside the scope of the limited jurisdiction of the [Claims Court]." *Sounders v. South Carolina Public Service Authority*, 497 F.3d 1303, 1307 (Fed. Cir. 2007) (citing 28 U.S.C. § 1491; *Mitchell*, 463 U.S. at 215–18).

Ms. Lofton's complaint cites the First, Fifth, Sixth, and Fourteenth Amendments. But putting aside the Takings Clause of the Fifth Amendment, which is not invoked here, no decision of which we are aware holds any of those provisions to be money-mandating for the purposes of the Tucker Act, and we have in fact recognized the contrary. *See United States v. Connolly*, 716 F.2d 882, 887 (Fed. Cir. 1983) ("[T]he [F]irst [A]mendment, standing alone, cannot be so interpreted to command the payment of money."); *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) ("His complaint included counts alleging violation of his rights under the Due Process Clauses of the Fifth and Fourteenth Amendments, the Equal Protection Clause of the Fourteenth Amendment, and the doctrine of separation of powers. None of these is a sufficient basis for jurisdiction because they do not mandate payment of money by the

government."); *J & L Janitorial Services, Inc. v. United States*, 231 Ct. Cl. 837, 838 (Ct. Cl. 1982) (due process and equal protection guarantees of Fifth Amendment not money-mandating); *see also Omran v. United States*, 629 F. App'x 1005, 1008 (Fed. Cir. 2015) (per curiam) ("The Sixth Amendment does not itself create a right to recover money damages . . . ."). In particular, for at least that reason, the Claims Court lacks jurisdiction to hear Ms. Lofton's damages claim for a due-process violation based on the alleged inadequate treatment of her allegations of wrongdoing.

Further, to the extent that Ms. Lofton, while captioning her case to list only the United States as a defendant, is seeking relief from a state or local government, or from federal or state officials as individuals, the Claims Court lacks jurisdiction over those claims. *See Sherwood*, 312 U.S. at 588 ("[I]f the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the [Claims Court]."); *Brown*, 105 F.3d at 624 ("The Tucker Act grants the [Claims Court] jurisdiction over suits against the United States, not against individual federal officials."). And finally, Ms. Lofton in this court invokes 42 U.S.C. § 1983, *see* Ms. Lofton's Informal Opening Br. at 1–2, but the Claims Court lacks jurisdiction over this claim even if we set aside the absence of invocation of that statute in the Claims Court and the fact that the statute is limited to persons acting under state or territorial law, *see Settles v. U.S. Parole Commission*, 429 F.3d 1098, 1105 (D.C. Cir. 2005); *see also Coleman v. United States*, 635 F. App'x 875, 878 (Fed. Cir. 2015) (per curiam). Congress provided for jurisdiction in the district courts for § 1983 claims of the sort at issue here (wholly aside from inapplicability to the United States), *see* 28 U.S.C. § 1343, and jurisdiction under the "Tucker Act is displaced . . . when a law assertedly imposing monetary liability on the United States contains its own judicial remedies," *Bormes*, 568 U.S. at 12.

## III

We have considered Ms. Lofton's remaining arguments and find them unpersuasive. For the foregoing reasons, we conclude that the Claims Court lacked subject-matter jurisdiction over Ms. Lofton's claims, so we affirm the Claims Court's dismissal of Ms. Lofton's complaint.

The parties shall bear their own costs.

**AFFIRMED**